**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ALFRED PANZER I,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; et al.,<br><br>    Defendants-Appellees. | No. 15-16942<br><br>D.C. No. 3:15-cv-01655-MEJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding[**]

Submitted July 11, 2017[***]

Before:  CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

  John Alfred Panzer I appeals pro se from the district court's order dismissing

his action alleging federal and state law claims. We have jurisdiction under 28

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  Panzer consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

  [***]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with Federal Rule of Civil Procedure 8, *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion by dismissing Panzer's action for failure to comply with Rule 8 because the second amended complaint does not contain "a short and plain statement of the claims showing that [Panzer] is entitled to relief." Fed. R. Civ. 8(a)(2), (d)(1); *McHenry*, 84 F.3d at 1174 (affirming dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

The district court did not abuse its discretion in dismissing Panzer's second amended complaint without leave to amend because Panzer was provided with two opportunities to amend and further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

Panzer's motion for transcripts, set forth in his opening brief, is denied.

**AFFIRMED.**

15-16942